# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3601 | **DATE** | 9/16/2002 |
| **CASE TITLE** | Jaslowski vs. Cellco Partnership et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 10/2/2002 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 8-1) to dismiss is granted in part and denied in part. We grant Verizon's motion to dismiss Count IV against Verizon but not against Steve Columbus. We also deny Verizon's motion to dismiss Count V and grant Verizon's motion to dismiss Count VI.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices

SEP 17 2002

date docketed

date mailed notice

**Document Number**

16

SCT   courtroom deputy's initials

Date/time received in central Clerk's Office

mailing deputy initials

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

SEP 1 7 2002

| | | |
|---|---|---|
| STACY L. JASLOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 02 C 3601 |
| | ) | |
| CELLCO PARTNERSHIP d/b/a Verizon Wireless; GTE | ) | |
| WIRELESS OF THE MIDWEST, INC., d/b/a Verizon | ) | |
| Wireless; and STEVE COLUMBUS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a motion to dismiss brought by Defendants Cellco Partnership, d/b/a Verizon Wireless, GTE Wireless of the Midwest, Inc., d/b/a Verison Wireless (collectively referred to as "Verizon") seeking to dismiss Counts IV-VI of Plaintiff Stacy L. Jaslowski's ("Jaslowski") complaint. For the reasons set forth below, we grant Verizon's motion to dismiss Counts IV and VI and deny Verizon's motion to dismiss Count V.

## BACKGROUND

Stacy Jaslowski was employed by Defendant Verizon between January 2, 2001 and September 21, 2001 as a customer service representative at the Verizon Wireless store in Villa Park, Illinois. Defendant Steve Columbus ("Columbus") was a supervisor at the Villa Park store. Jaslowski alleges that Columbus made comments of a sexual nature to her and touched her in an inappropriate manner on a regular basis. Specifically Jaslowski claims that Columbus told Jaslowski

that her breasts were getting huge, that she was not looking pretty enough because she did not wear makeup, and that she should not wear a sweater that concealed her waist. Columbus allegedly inquired into who Jaslowski was dating and made comments in the presence of Jaslowski about female customers such as "look at the rack on her." In addition, Columbus allegedly spied on Jaslowski with the store video camera to determine the type of underwear that Jaslowski was wearing and then discussed the subject with other employees. Finally, Jaslowski claims that she was subjected to unwanted physical touching by Columbus. Specifically she alleges that Columbus would intentionally stand close behind her until he came in contact with her. According to Jaslowski on some occasions Columbus put his arms over her shoulders, and on one occasion he touched Jaslowski's buttocks with an erect penis. According to Jaslowski, Columbus also intentionally bumped into the front of her in order to make contact with her breasts, ran his hand across her buttocks, and on one occasion cupped Jaslowski's left breast in his hand. In July of 2001 Jaslowski complained about Columbus to another supervisor. After her complaint Columbus continued his inappropriate touching and comments.

Jaslowski has brought a six-count complaint. In Count I she brings a sexual harassment claim against Verizon under Title VII of the Civil Rights Act of 1964. Count II contains a gender discrimination claim against Verizon. Count III contains a pregnancy discrimination claim against Verizon. Count IV contains a battery claim against Columbus and Verizon. Count V contains a negligent retention claim against Verizon. Count VI contains a retaliation claim against Verizon. Verizon has brought this motion to dismiss Counts IV, V, and VI. We note that Jaslowski agrees in her answer that Count IV should be dismissed against Verizon, but not against Columbus. She also agrees that Count VI should be dismissed.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Triad Associates, Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. *Bontkowsi v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a 12(b)(1) motion to dismiss, the Court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exits. *See United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996) (citing *Bowyer v. United States Dep't of Air Force*, 874 F.2d 632, 635 (7th Cir. 1989)). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *See Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with competent proof

of jurisdictional facts. *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). It is with these principles in mind that we address the motion before us.

## DISCUSSION

Verizon argues that the negligent retention claim is preempted by the Illinois Human Rights Act ("IHRA"). Under the IHRA "no Court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C) (West 2001). Under the IHRA it is a "civil rights violation" for an employer or employee "to engage in sexual harassment." 775 ILCS 5/2-102(D) (West 2001). Sexual harassment is defined as "any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when . . . such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive work environment." 775 ILCS 5/2-101(E) (West 2001). State tort claims are preempted by the IHRA where the facts are "inextricably linked" to civil rights violations listed in the IHRA, *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1276-78 (Ill. 1994), but a state tort claim is not "inextricably linked" to the IHRA if the plaintiff sufficiently pleads the elements of the tort claim without relying on the legal duties that arise under the civil rights of the IHRA. *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 22-24 (Ill. 1997).

Verizon argues that since Jaslowski bases her negligent retention claim on the exact same facts as her sexual harassment claim the negligent retention claim is preempted by the IHRA. Whether there is preemption by the IHRA cannot be ascertained merely by a comparison of alleged facts. The same conduct that can "support an IHRA claim" can also support a tort claim that is

- 4 -

independent of the IHRA. *Spahn v. International Quality & Productivity Center*, 2002 WL 1559578 (N.D. Ill. 2002). An inquiry regarding preemption must also focus on the duties that each claim derives from. *Id.*

Verizon also argues that in the complaint Jaslowski based the negligent retention claim solely on the duty to protect employees from sexual harassment, which is a duty that is encompassed by the IHRA. *See Luttrell v. O'Connor Chevrolet, Inc.*, 2001 WL 1105125, *5 (N.D. Ill. 2001) (holding that negligent retention claim was preempted because negligent retention claim in complaint specifically relied on duty to protect employees from sexual harassment and did not mention battery upon plaintiff); *Crandall v. Hard Rock Café International, Inc.*, 1999 WL 1285864, *1, *6 (N.D. Ill. 1999) (holding that negligence claim against employer was preempted where complaint relied solely on employer's failure to deal with sexual harassment of plaintiff).

This case, however, is distinguishable from *Luttrell* and *Crandall* because in Count V of her complaint Jaslowski makes allegations that refer to a duty to protect employees from harm which is connected to battery. In Count V Jaslowski states: that Verizon "had a duty to protect Plaintiff from unfit employees it knew or should have known posed a risk of harm," that Steve Columbus "posed a risk of harm," and that Verizon "[f]ailed to protect Plaintiff from Steve Columbus." Thus, Jaslowski has sufficiently alleged that the negligent retention claim is based on a duty other than a duty to protect employees from sexual harassment.

Verizon also argues that the negligent retention claim is preempted if it is based on the battery claim in Count V, because a battery claim involving sexual harassment is preempted by the IHRA unless the allegations include threats of violence or physical harm. To support this assertion Verizon cites *Finnane v. Pentel of America, Ltd.*, 43 F. Supp.2d 891 (N.D. Ill. 1999), in which the

court found that a battery claim was not preempted where a manager sexually assaulted the plaintiff and threatened to kill her. Although threats of physical harm and sexual assault involve torts that fall outside the duties created under the IHRA, such allegations are by no means a prerequisite for a claim to be independent of the IHRA. *See Farfaras v. Citizens Bank & Trust Co. of Chicago*, 2002 WL 1008473 *1, *3 (N.D. Ill. 2002) (holding that battery claim was not preempted where plaintiff was improperly fondled); *Thomas v. Habitat Co.*, 2002 WL 1800696, *1, *4 (N.D. Ill. 2002) (holding that battery claim was not preempted where employee grabbed plaintiff's arms and put his legs around her so that she could not get up from a chair and told her he loved her); *Hardison v. Galaxy Recovery Systems, Inc.*, 2000 WL 1847624, *1-2 (N.D. Ill. 2000) (holding that battery claim was not preempted where employee blocked door so that plaintiff could not leave office and grabbed and kissed plaintiff and ran his hand up her skirt); *Fondrilak v. Commonwealth Edison*, 1999 WL 51804, *4 (N.D. Ill. 1999) (holding that battery claim was not preempted where co-worker restrained plaintiff against her will and kissed her); *Robinson v. Oatman, Inc.*, 1999 WL 1102694, *1-*13 (N.D. Ill. 1999) (holding that battery claim was not preempted where supervisor repeatedly grabbed testicles of plaintiff); *Johnson v. St. Bernard Hospital*, 1999 WL 731689, *1, *4 (N.D. Ill. 1999) (holding that battery claim was not preempted where defendant touched plaintiff on her shoulders and caressed her palms and buttocks).

Under Illinois law, causing "bodily harm" or "making physical contact of an insulting . . . nature" constitutes battery. *Jenkins v. Nelson*, 157 F.3d 485, 497 (7th Cir. 1998); 720 ILCS 5/12-3 (2001). In this case Jaslowski includes allegations that Columbus ran his hand across her buttocks, cupped her breast in his hand, and stood behind her and touched her buttocks with an erect penis. Such allegations are sufficient to establish the type of physical contact of an insulting nature that

constitutes battery and rises far above the sexual advances that "interfer[e] with an individual's work performance" that are within the scope of the duties created under the IHRA. 775 ILCS 5/2-101(E) (West 2001). Thus, Jaslowski's battery claim is not preempted by the IHRA. *See Luttrell*, 2001 WL 1105125 at *3 (holding that battery claim was not preempted by IHRA); *Fondrliak*, 1999 WL 51804 at *4 (holding that battery claim was not preempted by IHRA)  Therefore, we deny Verizon's motion to dismiss the negligent retention claim in Count V. This court has jurisdiction over the Title VII claim pursuant to 28 U.S.C. § 1331 and jurisdiction over the battery and negligent retention claims under supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## CONCLUSION

Based on the foregoing analysis we grant Verizon's motion to dismiss Count IV against Verizon but not against Steve Columbus. We also deny Verizon's motion to dismiss Count V and grant Verizon's motion to dismiss Count VI.

Charles P. Kocoras
Chief Judge
United States District Court

Dated:  September 16, 2002